# Court of Appeals
# of the State of Georgia

ATLANTA,  November 14, 2025

*The Court of Appeals hereby passes the following order:*

## A26A0632. CHRISTOPHER M. HUNT, SR. v. NATIONSTAR MORTGAGE, LLC et al.

In January 2024, the trial court issued a temporary order on the defendants', Nationstar Mortgage, LLC and Deutsche Bank National Trust Company Americas, bill of peace in this case, enjoining Christopher M. Hunt, Sr. from filing any complaints or otherwise initiating actions relating to the foreclosure of certain property. Believing all of Hunt's petitions and motions before the Supreme Court of the United States and the Supreme Court of Georgia had been disposed of, the defendants moved to make the injunction permanent in June 2024. The trial court entered a rule nisi setting the matter for a hearing, but later postponed the hearing due to Hunt's pending petition for certiorari in the Supreme Court of the United States. The trial court ultimately granted the defendants' motion and entered a permanent injunction. Hunt has appealed that decision in Case No. A26A0631.

In September 2024, Hunt filed an "Emergency Motion for Proposed Order to Access the Original Recordings of Hearing Both Court Reporter and Zoom." The trial court subsequently entered an order reminding Hunt that the court had taken no action to deny or withhold the transcript, if it exists, from Hunt, and that it is his responsibility to contact the court reporter to have a transcript, if any, prepared. Hunt filed a motion for reconsideration of that order. The trial court denied the motion, and Hunt filed a notice of appeal. In May 2025, the trial court informed Hunt that his notice of appeal was due to be dismissed for his failure to pay the costs. In response, Hunt filed a motion to proceed in forma pauperis, which the trial court denied. Hunt

then filed a notice of appeal, seeking to appeal the denial of his request to proceed in forma pauperis.

Under OCGA § 9-15-2 (a) (2), "[t]he judgment of the court on all issues of fact concerning the ability of a party to pay costs or give bond shall be final." Thus, typically, "a trial court's discretion when reviewing an affidavit of indigence is not appealable[.]" *In re Estate of Woodall, Jr.*, 374 Ga. App. 16, 21 (2) (910 SE2d 830) (2024) (citation and punctuation omitted). Accordingly, this appeal is hereby DISMISSED, and the defendants' motion to dismiss the appeal is DENIED as moot.[1]



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,   11/14/2025*

*I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

*Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*

---

[1] The defendants urged dismissal of the appeal as moot because the trial court ultimately dismissed Hunt's appeal for want of prosecution and his failure to pay costs.